## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

JACQULYN WOOD,                                          CASE NO. 20-CV-13154

               Plaintiff,                     HON. BERNARD A. FRIEDMAN

v.                                                     MAG. CURTIS IVY, JR.

NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK,

               Defendant.

---

Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
DEBORAH GORDON LAW
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@debgordonlaw.com
emarzottotaylor@debgordonlaw.com
sthomas@debgordonlaw.com
msavage@debgordonlaw.com

*Attorneys for Plaintiff*

Jaclyn R. Giffen (P75316)
Anton A. Dirnberger II (P80261)
LITTLER MENDELSON, P.C.
200 Renaissance Center, Suite 3110
Detroit, Michigan 48243
(313) 466-6400
jgiffen@littler.com
adirnberger@littler.com

*Attorneys for Defendant*

---

## DEFENDANT'S ANSWER AND DEFENSES TO
## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Defendant National Railroad Passenger Corporation *d/b/a/* Amtrak, through its counsel, Littler Mendelson, P.C., and for its answer and affirmative and other defenses to Plaintiff Jacqulyn Wood's complaint and demand for jury trial, states as follows.

## JURISDICTION AND PARTIES

1.      This is an action for gender discrimination based on failure to promote, retaliation and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and in violation of the Elliott-Larsen Civil Rights Act, MCL 37.2101 et. seq.

**ANSWER**: Denied as alleged.  Defendant admits only that Plaintiff's Complaint purports to allege gender discrimination based on failure to promote, retaliation and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and the Elliott-Larsen Civil Rights Act, MCL 37.2101 et. seq. Defendant denies that it discriminated, harassed, or retaliated against Plaintiff in the manners asserted in the Complaint or in any other manner. To the extent Paragraph 1 of the Complaint is alleging any wrongdoing by Defendant, Defendant denies the allegations.

2.      Plaintiff Jacqulyn Wood ("Plaintiff") is a resident of Michigan and resides within the Eastern District of Michigan.

**ANSWER**:  Defendant admits that its personnel records reflect that Plaintiff is a resident of Michigan and resides within the Eastern District of Michigan.

3.      Defendant National Passenger Railroad Corporation, doing business as Amtrak ("Amtrak"), is a for-profit corporation incorporated in Washington D.C., with its principal place of business in Washington D.C.

**ANSWER**: Amtrak objects to any allegations in Paragraph 3 of Plaintiff's Complaint regarding Amtrak's status as an entity because it states a legal conclusion to which no response is required. Amtrak admits the remaining allegations contained in Paragraph 3 of the Complaint.

4.     Amtrak conducts business in the Eastern District, Southern Division, of Michigan and the events underlying this Complaint occurred in the Eastern District, Southern Division, of Michigan.

**ANSWER**: Amtrak admits that it conducts business in the Eastern District, Southern Division of Michigan and that Plaintiff alleges that some of the events that form the basis of her Complaint occurred within the Eastern District of Michigan Amtrak denies that Amtrak committed any unlawful employment practices there.

5.     The amount in controversy in this action exceeds $75,000.

**ANSWER**: Defendant admits that Plaintiff seeks damages in excess of $75,000. Except as specifically admitted, Defendant denies the allegations in Paragraph 5 of the Complaint.

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

**ANSWER**: Defendant admits that the Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332, but states that jurisdiction cannot be conferred

by admission. Except as specifically admitted, Defendant denies the allegations in Paragraph 6 of the Complaint.

## BACKGROUND FACTS

7.      Plaintiff was hired by Amtrak as an assistant train conductor in April 2010.

**ANSWER**: Defendant admits the allegations in Paragraph 7 of the Complaint.

8.      Amtrak is a passenger railroad service that provides medium and long-distance intercity service in the contiguous United States and to nine Canadian cities.

**ANSWER**: Defendant admits the allegations in Paragraph 8 of the Complaint.

9.      Amtrak is part of a historically male dominated industry. In 2020, female employees on the "agreement" side of the company (the operation of trains) represented only 18% of Amtrak employees, down from 21% in 2016. In contrast, the total U.S. labor force is approximately 47% female.

**ANSWER**: Defendant denies the allegations in Paragraph 9 of the Complaint.

10.     Upon Plaintiff being hired, there was no restroom or changing facility (locker-room) for women; Plaintiff was forced to use the male facilities.

**ANSWER**: Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint and therefore denies the allegations. Responding further, Defendant denies that it had a male only locker room.

11.     Throughout her employment Plaintiff was subjected to a hostile environment. Many male employees openly used derogatory, sexual names to describe women and stated that women were not capable or were stupid. One male co-worker complained to Plaintiff that she had taken a job from a man. Another male co-worker told Plaintiff that women had to "sleep their way to the top" in order to move up. Supervision was aware of this language.

**ANSWER**: Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint regarding whether one male co-worker allegedly complained to Plaintiff that she had taken a job from a man, and that another male co-worker told Plaintiff that women had to "sleep their way to the top" in order to move up, and Plaintiff did not submit any complaint to Defendant about these alleged interactions and therefore Defendant denies the allegations. Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.     Beginning in 2011, Plaintiff has repeatedly sought promotions for which she is highly qualified.

**ANSWER**: Defendant denies the allegations in Paragraph 12 of the Complaint except to admit that Plaintiff has applied for several open positions.

13.    Between late 2011 and early 2020, Plaintiff submitted at least nine applications for open Passenger Engineer positions.

**ANSWER**: Defendant admits the allegations in Paragraph 13 of the Complaint.

14.    Plaintiff is well qualified to become a Passenger Engineer.

**ANSWER**: Defendant denies the allegations in Paragraph 14 of the Complaint.

15.    There are very few female Passenger Engineers employed by Amtrak; the significant majority are males who have been promoted internally.

**ANSWER**: Defendant denies the allegations in Paragraph 15 of the Complaint.

16.    The Passenger Engineer position would have been a promotion for Plaintiff.

**ANSWER**: Defendant admits the allegations in Paragraph 16 of the Complaint.

17.    During the same time period, Plaintiff also applied for various openings for Trainmasters and Lead Technical Trainers for which she was well qualified.

**ANSWER**:  Defendant admits that Plaintiff applied for one Trainmaster and several Lead Technical Trainer positions. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18.    Most of Plaintiff's applications and requests to be interviewed have been ignored or denied.

**ANSWER**: Defendant denies the allegations in Paragraph 18 of the Complaint.

19.    Instead, Amtrak repeatedly offered interviews and ultimately promotions for the positions described above to Plaintiff's more junior, less-qualified, male co-workers.

**ANSWER**: Defendant denies the allegations in Paragraph 19 of the Complaint.

20.    In 2015, a Passenger Engineer position opened up in Pontiac, Michigan. Plaintiff applied.

**ANSWER**: Defendant denies the allegations in Paragraph 20 of the Complaint.

21.    Plaintiff's supervisor Charlie Zak and Ethan Like, an Engineer with hiring authority, decided not to hold interviews for the position and to instead fast track Plaintiff's junior, male assistant conductor into the position.

**ANSWER**: Defendant denies the allegations in Paragraph 21 of the Complaint.

22. One supervisor told Plaintiff that she would never be an engineer and that he thought a male, mechanical foreman would be more qualified than her to be a conductor, the position Plaintiff had held for nine years already.

**ANSWER**: Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint as Plaintiff has not identified the supervisor whom allegedly made the comment and Plaintiff did not submit any complaint to Defendant about this alleged interaction, and therefore Defendant denies the allegations.

23. An experienced mechanical foreman is objectively less qualified to be an engineer than an experienced conductor.

**ANSWER**: Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Due to a work-related injury, Plaintiff was on medical leave from March 2015 to March 2017.

**ANSWER**: Defendant admits that Plaintiff was on a medical leave due to a work related injury from March 2015 to January 2017. Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

25.     In November 2017, an Amtrack [sic] Engineer told Plaintiff he wanted a sexual relationship with her. When she declined, he threatened her in the work parking lot and brandished his gun.

**ANSWER**: Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint as Plaintiff had not identified the Engineer about whom she complains, and Plaintiff did not submit any complaint to Defendant about this alleged interaction, and therefore Defendant denies the allegations.

26.     Around June of 2018, Plaintiff needed to complete a "road test" with her supervisor Michael Amstutz to renew a certification.

**ANSWER**: Defendant admits that an annual onboard observation ("road test") is required to maintain Plaintiff's certification. Defendant lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 26 of the Complaint, and therefore denies the remaining allegations.

27.     Amstutz repeatedly scheduled the road test with Plaintiff and either failed to show up or rescheduled the test.

**ANSWER**: Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint, and therefore denies the allegations.

28.     After repeated cancellations, Amstutz asked Plaintiff to take the test at his hotel in the middle of the night, telling her that she could take the test in the lobby.

**ANSWER**: Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint, and therefore denies the allegations.

29.     Plaintiff acquiesced, anxious to complete her recertification after repeated delays, and met Amstutz at his hotel around 12:30 a.m., following her shift.

**ANSWER**: Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint, and therefore denies the allegations.

30.     Amstutz insisted that Plaintiff take the test in his hotel room. Plaintiff ended up taking the test on the floor of Amstutz's hotel room while he laid in bed, asking her questions about her relationship status with men.

**ANSWER**: Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint, and therefore denies the allegations.

31. Throughout the first half of 2018, conductor Adam Williams repeatedly harassed Plaintiff with comments concerning rape, stating that rape victims should

stop reporting men because they were ruining men's lives. Plaintiff reported this to management, but no action was taken.

**ANSWER**: Defendant denies the allegations in Paragraph 31 of the Complaint.

32.     In June 2018, Plaintiff applied for an open Passenger Engineer position in Kansas City. The hiring manager, Carey Lacey, reminded Plaintiff of his authority over hiring and suggested that Plaintiff have dinner with him and stay in his hotel room in Kansas City so he could help her "prepare" for the interview.

**ANSWER**:  Defendant denies the allegations in Paragraph 32, except to admit that Plaintiff applied for an open Passenger Engineer position in June 2018.

33.     Plaintiff declined Lacey's inappropriate requests. She told Lacey that she would prefer to do a phone interview if possible because she couldn't afford to miss work. Lacey reiterated his requests, which she again declined.

**ANSWER**: Defendant denies the allegations in Paragraph 33 of the Complaint.

34.     Plaintiff contacted Amtrak Recruiting Coordinator Sheila Oman who confirmed that Amtrak typically conducted phone interviews for current employees. Plaintiff again sought to schedule a phone interview.

**ANSWER**: Defendant denies the allegations in Paragraph 34 of the Complaint.

35.     Oman, after attempting to schedule a phone interview, relayed to Plaintiff that Lacey would only do an in-person interview in Kansas City. In fear for her safety, Plaintiff declined the in-person interview which ended the application process.

**ANSWER**: Defendant denies the allegations in Paragraph 35 of the Complaint.

36.     In August 2018, Plaintiff was interviewed for a Passenger Engineer position in Pontiac, MI. After interviewing, Plaintiff learned that the position was going to Joel Meyers, Plaintiff's junior, and less-qualified male co-worker.

**ANSWER**: Defendant admits that it interviewed Plaintiff for a Passenger Engineer position in Pontiac, Michigan. Defendant denies the remaining allegations in Paragraph 36.

37.     Plaintiff thereafter complained to her supervisors that she was being treated unfairly because of her gender, and that she was going to file a complaint with the EEOC.

**ANSWER**: Defendant denies the allegations in Paragraph 37 of the Complaint.

38.     After Plaintiff threatened to go to the EEOC, Defendant closed the job opening without filling the position. A few weeks later the position was posted again, and Plaintiff reapplied.

**ANSWER**: Defendant admits that another Passenger Engineer position was posted after her interview in August 2018. Defendant denies the remaining allegations in Paragraph 38 of the Complaint.

39.     Shortly thereafter, the position was once again taken down and remains unfilled. This was done to ensure that Plaintiff would not receive the position.

**ANSWER**: Defendant denies the allegations in Paragraph 39 of the Complaint.

40.     In April 2019, Zak had a meeting with Plaintiff regarding an incident in which a train she was working on came in with bad brakes in need of repair. Zak fabricated a false story about how Plaintiff avoided the work of repairing the brakes. Other complaints about Plaintiff were also fabricated.

**ANSWER**: Defendant admits that Zak had a meeting with Plaintiff regarding an incident in which a train she was working on came in with bad brakes in need of repair. Defendant denies the remaining allegations in Paragraph 40 of the Complaint.

41.     Plaintiff filed a complaint about Zak with her union alleging that Zak was discriminating against her and retaliating against her.

**ANSWER**: Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint regarding whether Plaintiff complained to her union, and therefore denies the allegation.

Defendant admits that Plaintiff submitted a complaint to the Amtrak Helpline on April 12, 2019, alleging gender discrimination and harassment by Zak.

42.     The union advised Zak and his supervisor, Jeremy Gaatz about the retaliation compliant. No action was taken by Defendant.

**ANSWER**: Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     The retaliation against Plaintiff continued. In the spring of 2019, someone in the mechanical department, supervised by Dave Shank—a close friend of Zak, activated the power on a 480-volt cable while Plaintiff was working on a train, although safety protocols require that the power remain off while Plaintiff was performing her work. Contact with the cable could have been fatal.

**ANSWER**:  Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Complaint regarding an alleged incident in the spring of 2019 with someone in the mechanical department, supervised by Dave Shank, who activated the power on a 480-volt cable while Plaintiff was working on a train, although safety protocols require that the power remain off while Plaintiff was performing her work, and therefore denies the allegation. Defendant denies the remaining allegations contained in Paragraph 43 of the Complaint.

44.    The engineer working at the time warned Plaintiff that "someone must have a problem with you" because they activated the cable.

**ANSWER**: Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Complaint, and therefore denies the allegations. Defendant further states that Plaintiff did not submit any complaint to Defendant about this alleged interaction.

45.    On another occasion, Plaintiff was warned by a mechanical foreman that she should "stand down" and stop complaining, "or else."

**ANSWER**: Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint, and therefore denies the allegations. Defendant further states that Plaintiff did not submit any complaint to Defendant about this alleged interaction.

46.    Plaintiff filed a charge with the EEOC charging Amtrak with discrimination based on sex on July 23, 2019.

**ANSWER**: Defendant admits the allegations contained in Paragraph 46 of the Complaint.

47.    Most recently, all conductor and assistant conductor positions were placed on "on-call" status due to the COVID-19 pandemic. In order for employees to regain a regularly scheduled position, they would have to bid on jobs, which would be awarded based on seniority.

**ANSWER**: Defendant admits the allegations contained in Paragraph 47 of the Complaint.

48. Over the summer of 2020, Plaintiff bid on a regularly scheduled assistant conductor position in Port Huron, Michigan.

**ANSWER**: Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. The assistant conductor position, again, went to a less-qualified junior, male employee.

**ANSWER**: Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Plaintiff requested access to a copy of personnel file from Defendant, in September 2019 and again in June 2020.

**ANSWER**: Defendant admits that Plaintiff requested a copy of her personnel records in September 2019. Defendant lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 50 of the Complaint, and therefore denies the remaining allegations.

51. To date, Defendant has never produced Plaintiff's personnel file, nor responded to her requests in any way.

**ANSWER**: Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     On September 2, 2020, Plaintiff received her Right to Sue Letter from the EEOC.

**ANSWER**: Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint, and therefore denies the allegations.

53.     Since the filing of her EEOC charge Plaintiff has been placed in situations where she has been made to feel unsafe working around equipment, which appear to be designed to intimidate her.

**ANSWER**: Defendant denies the allegations in Paragraph 53 of the Complaint.

<u>**COUNT I**</u>

**Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964**

54.     Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs.

**ANSWER**: Defendant realleges and incorporates by reference its answers to Paragraphs 1-53 of Plaintiff's Complaint as if fully set forth herein.

55.     At all relevant times, Plaintiff was an employee, and Defendant her employer within the meanings set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et. seq.

**ANSWER**:  Paragraph 55 of Plaintiff's Complaint states a legal conclusion to which no answer is required. To the extent Paragraph 55 of the Complaint is alleging any wrongdoing by Defendant, Defendant denies the allegations.

56.    Plaintiff is a member of a protected class; she is a female.

**ANSWER**: Defendant admits that Plaintiff is female. The remaining allegations contained in Paragraph 56 of Plaintiff's Complaint state a legal conclusion to which no answer is required.

57.    Defendant's treatment of Plaintiff, as described above, was based at least in part, on the unlawful consideration of her sex.

**ANSWER**: Defendant denies the allegations in Paragraph 57 of the Complaint.

58.    Similarly situated male employees were treated better in the terms and conditions of their employment. Namely, they were promoted, and did not experience gender-based harassment or discriminatory acts.

**ANSWER**: Defendant denies the allegations in Paragraph 58 of the Complaint.

59.    The actions of Defendant and its agents were willful, intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

**ANSWER**: Defendant denies the allegations in Paragraph 59 of the Complaint.

60.     As a direct and proximate result of those actions, the terms, conditions, and privileges of Plaintiff's employment was adversely affected and Plaintiff was unfairly denied access to the promotion because of her sex.

**ANSWER**: Defendant denies the allegations in Paragraph 60 of the Complaint.

61.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages, including but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of fringe and pension benefits, outrage and humiliation, mental anguish, anxiety about her future, physical and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life.

**ANSWER**: Defendant denies the allegations in Paragraph 61 and that Plaintiff is entitled to any relief set forth in Paragraph 61 of the Complaint.

## COUNT II

**Sex Discrimination in Violation of the Elliott-Larsen Civil Rights Act, M.C.L. 37.2102 et. seq.**

62.     Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs.

**ANSWER**: Defendant realleges and incorporates by reference its answers to Paragraphs 1-61 of Plaintiff's Complaint as if fully set forth herein.

63. Pursuant to the Elliott-Larsen Civil Rights Act ("ELCRA"), Defendant is an employer covered by the Act. See M.C.L. 37.2201 et. seq.

**ANSWER**: Paragraph 63 of Plaintiff's Complaint states a legal conclusion to which no answer is required. To the extent Paragraph 63 of the Complaint is alleging any wrongdoing by Defendant, Defendant denies the allegations.

64. Plaintiff's sex was a factor in Defendant's decision to treat Plaintiff less favorably with regard to the terms, conditions, and benefits of employment on the basis of sex.

**ANSWER**: Defendant denies the allegations in Paragraph 64 of the Complaint.

65. The actions of Defendant, through its agents, were intentional, in deliberate disregard for the rights and sensibilities of Plaintiff.

**ANSWER**: Defendant denies the allegations in Paragraph 65 of Plaintiff's Complaint.

66. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of fringe and pension benefits, outrage and humiliation, mental anguish, anxiety about her future, physical and

emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life.

**ANSWER**: Defendant denies the allegations in Paragraph 66 and that Plaintiff is entitled to any relief set forth in Paragraph 66 of the Complaint.

## COUNT III

### Retaliation in Violation of Title VII of the Civil Rights Act of 1964

67.     Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs.

**ANSWER**:  Defendant realleges and incorporates by reference its answers to Paragraphs 1-66 of Plaintiff's Complaint as if fully set forth herein.

68.     At all material times Plaintiff was an employee and Defendant was her employer, covered by and within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

**ANSWER**:  Paragraph 68 of Plaintiff's Complaint states a legal conclusion to which no answer is required. To the extent Paragraph 68 of the Complaint is alleging any wrongdoing by Defendant, Defendant denies the allegations.

69.     Plaintiff engaged in conduct protected under Title VII including, but not limited to, by opposing, threatening to report and reporting Defendant's unlawful employment practices, which violate Title VII.

**ANSWER**: Defendant denies the allegations in Paragraph 69 of Plaintiff's Complaint.

70.     Plaintiff's treatment by Defendant following her protected conduct was retaliatory and occurred, in part, because Plaintiff opposed, threatened to report, and reported Defendant's unlawful employment practices in violation of the anti-retaliation provisions of Title VII.

**ANSWER**: Defendant denies the allegations in Paragraph 70 of Plaintiff's Complaint.

71.     As a direct and proximate result of Defendant's unlawful conduct, as described above, the terms, conditions, and privileges of Plaintiff's employment were adversely affected.

**ANSWER**: Defendant denies the allegations in Paragraph 71 of the Complaint.

72.     The actions of Defendant's employees, agents, and representatives were willful, intentional, and in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

**ANSWER**: Defendant denies the allegations in Paragraph 72 of the Complaint.

73.     As a direct and proximate result of Defendant's violation of Plaintiff's rights as alleged herein, she has suffered past and future loss of earnings and earning

capacity; loss of the value of benefits; she has sustained mental and emotional distress, embarrassment, humiliation, mental anguish, and anxiety; damage to her good name and reputation; and loss of the ordinary pleasures of everyday life.

**ANSWER**: Defendant denies the allegations in Paragraph 73 and that Plaintiff is entitled to any relief set forth in Paragraph 73 of the Complaint.

## <u>COUNT IV</u>

### Retaliation in Violation of Michigan's Elliot-Larsen Civil Rights Act

74.    Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs.

**ANSWER**:  Defendant realleges and incorporates by reference its answers to Paragraphs 1-73 of Plaintiff's Complaint as if fully set forth herein.

75.    At all material times Plaintiff was an employee and Defendant was her employer, covered by and within the meaning of the Elliot-Larsen Civil Rights Act, MCL § 37.2101, et seq. (the "ELCRA").

**ANSWER**:  Paragraph 75 of Plaintiff's Complaint states a legal conclusion to which no answer is required. To the extent Paragraph 75 of the Complaint is alleging any wrongdoing by Defendant, Defendant denies the allegations.

76.    Plaintiff engaged in conduct protected under the ELCRA including, but not limited to, by opposing, threatening to report, and reporting Defendant's unlawful employment practices, which violate the ELCRA.

**ANSWER**: Defendant denies the allegations in Paragraph 76 of Plaintiff's Complaint.

77.     Plaintiff's treatment by Defendant following her protected conduct was retaliatory and occurred, in part, because Plaintiff opposed, threatened to report, and reported Defendant's unlawful employment practices in violation of the anti-retaliation provisions of the ELCRA.

**ANSWER**: Defendant denies the allegations in Paragraph 77 of Plaintiff's Complaint.

78.     As a direct and proximate result of Defendant's unlawful conduct, as described above, the terms, conditions, and privileges of Plaintiff's employment were adversely affected.

**ANSWER**: Defendant denies the allegations in Paragraph 78 of the Complaint.

79.     The actions of Defendant's employees, agents, and representatives were willful, intentional, and in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

**ANSWER**: Defendant denies the allegations in Paragraph 79 of the Complaint.

80.     As a direct and proximate result of Defendant's violation of Plaintiff's rights as alleged herein, she has suffered past and future loss of earnings and earning

capacity; loss of the value of benefits; she has sustained mental and emotional distress, embarrassment, humiliation, mental anguish, and anxiety; damage to her good name and reputation; and loss of the ordinary pleasures of everyday life.

**ANSWER**: Defendant denies the allegations in Paragraph 80 and that Plaintiff is entitled to any relief set forth in Paragraph 80 of the Complaint.

<u>COUNT V</u>

**Harassment and Hostile Work Environment in Violation of Title VII**

81.     Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs.

**ANSWER**:  Defendant realleges and incorporates by reference its answers to Paragraphs 1-80 of Plaintiff's Complaint as if fully set forth herein.

82.     At all relevant times, Plaintiff was an employee and Defendant was her employer within the meanings set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et. seq. ("Title VII").

**ANSWER**:  Paragraph 82 of Plaintiff's Complaint states a legal conclusion to which no answer is required. To the extent Paragraph 82 of the Complaint is alleging any wrongdoing by Defendant, Defendant denies the allegations.

83. During the course of Plaintiff's employment, Defendant, through its employees and agents, subjected Plaintiff to unwelcome comments, speech, conduct,

and other actions of an offensive and sexual nature, and by their words and conduct, made Plaintiff's subjection to the same a term or condition of her employment.

**ANSWER**: Defendant denies the allegations in Paragraph 83 of the Complaint.

84.    Defendant's treatment of Plaintiff was severe and/or pervasive and created a hostile work environment.

**ANSWER**: Defendant denies the allegations in Paragraph 84 of the Complaint.

85.    Defendant's actions were based on Plaintiff's sex and/or gender.

**ANSWER**: Defendant denies the allegations in Paragraph 85 of the Complaint.

86.    Defendant's unwelcome comments and conduct were intentional and willful, in deliberate disregard of, and with reckless indifference to the rights and sensibilities of Plaintiff.

**ANSWER**: Defendant denies the allegations in Paragraph 86 of the Complaint.

87.    As a direct and proximate result of Defendant's unlawful conduct described above, the terms, conditions and privileges of Plaintiff's employment were adversely affected.

**ANSWER**: Defendant denies the allegations in Paragraph 87 of the Complaint.

88.     As a further direct and proximate result of Defendant's unlawful conduct described above, Plaintiff has sustained injuries and damages including but not limited to the loss of earnings and earning capacity; mental and emotional distress, including anxiety and mental anguish, humiliation and embarrassment; loss of personal and professional reputation; and loss of the ordinary pleasures of everyday life.

**ANSWER**: Defendant denies the allegations in Paragraph 88 and that Plaintiff is entitled to any relief set forth in Paragraph 88 of the Complaint.

## <u>COUNT VI</u>

### Sexual Harassment/Hostile Work Environment in Violation of Elliott-Larsen Civil Rights Act

89.     Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs.

**ANSWER**:  Defendant realleges and incorporates by reference its answers to Paragraphs 1-88 of Plaintiff's Complaint as if fully set forth herein.

90.     At all times material hereto, Plaintiff was an employee and Defendant was employers covered by and within the meaning of the Elliot-Larsen Civil Rights Act, MCL 37.2101, et seq.

**ANSWER**:  Paragraph 90 of Plaintiff's Complaint states a legal conclusion to which no answer is required. To the extent Paragraph 90 of the Complaint is alleging any wrongdoing by Defendant, Defendant denies the allegations.

91.   At all times material hereto, Plaintiff's co-workers and supervisors, including but not limited to Michael Amstutz, Jeremy Gaatz, Carey Lacey, Ethan Like, and Adam Williams were employees of and served as agents of Defendant.

**ANSWER**:  Paragraph 91 of Plaintiff's Complaint states a legal conclusion to which no answer is required. To the extent Paragraph 91 of the Complaint is alleging any wrongdoing by Defendant, Defendant denies the allegations.

92.   During the course of her employment, Defendant, through it [sic] employees and agents, subjected Plaintiff to unwanted comments, speech, conduct, and other actions of an offensive and sexual nature, and by their words and conduct, made Plaintiff's subjection to the same a term or condition of her employment.

**ANSWER**: Defendant denies the allegations in Paragraph 92 of the Complaint.

93.   Defendant's treatment of Plaintiff was severe and/or pervasive and created a hostile work environment.

**ANSWER**: Defendant denies the allegations in Paragraph 93 of the Complaint.

94.   Defendant's actions were based on Plaintiff's sex and/or gender.

28

**ANSWER**: Defendant denies the allegations in Paragraph 94 of the Complaint.

95.    Defendant's unwelcome comments and contact were intentional and willful, in deliberate disregard of, and with reckless indifference to the rights and sensibilities of Plaintiff.

**ANSWER**: Defendant denies the allegations in Paragraph 95 of the Complaint.

95.[1]   As a direct and proximate result of Defendant's unlawful conduct described above, the terms, conditions and privileges of Plaintiff's employment were adversely affected.

**ANSWER**: Defendant denies the allegations in Paragraph 95 of the Complaint.

96.    As a further direct and proximate result of Defendant's unlawful conduct described above, Plaintiff has sustained injuries and damages including but not limited to the loss of earnings and earning capacity; mental and emotional distress, including anxiety and mental anguish, humiliation and embarrassment; loss of personal and professional reputation; and loss of the ordinary pleasures of everyday life.

---

[1] Plaintiff incorrectly numbered this paragraph as a duplicate 95.

**ANSWER**: Defendant denies the allegations in Paragraph 96 and that Plaintiff is entitled to any relief set forth in Paragraph 96 of the Complaint.

## COUNT VII

### Violation of the Bullard-Plawecki Employee Right to Know Act, MCL 423.501, et. seq.

97.     Plaintiff hereby incorporates all prior paragraphs as if they were set forth fully herein.

**ANSWER**: Defendant realleges and incorporates by reference its answers to Paragraphs 1-96 of Plaintiff's Complaint as if fully set forth herein.

98.     At all times material hereto, Plaintiff was an employee and Defendant was an employer covered by and within the meaning of the Bullard-Plawecki Employee Right to Know Act, MCL 423.501 et. seq.

**ANSWER**: Paragraph 98 of Plaintiff's Complaint states a legal conclusion to which no answer is required. To the extent Paragraph 98 of the Complaint is alleging any wrongdoing by Defendant, Defendant denies the allegations.

99.     Defendant generated and maintained a personnel record on Plaintiff during the course of her employment with Defendant.

**ANSWER**: Defendant admits the allegations in Paragraph 99 of the Complaint.

100.    Plaintiff repeatedly requested, but was denied by Defendant access to a copy of her employment records.

**ANSWER**: Defendant denies the allegations in Paragraph 100 of the Complaint.

101.   To date, Defendant and its employees continue to willfully fail and/or refuse to comply with the Act and Plaintiff's demands for a complete copy of her personnel record.

**ANSWER**: Defendant denies the allegations in Paragraph 101 of the Complaint.

<u>**RELIEF REQUESTED**</u>

For all the foregoing reasons, Plaintiff Jacqulyn Wood demands judgment against Defendants [sic] as follows:

A.   LEGAL RELIEF

 1.   Compensatory, economic, and noneconomic damages in whatever amount she is found to be entitled;

 2.   A judgment for lost wages and benefits, past and future, in whatever amount Plaintiff is found to be entitled;

 3.   Exemplary damages in whatever amount she is found to be entitled;

 4.   Liquidated damages in whatever amount she is found to be entitled; and

 5.   Punitive damages in whatever amount she is found to be entitled; and

 6.   An award of interest, costs and reasonable attorney fees.

**ANSWER**: Defendant, National Railroad Passenger Corporation d/b/a Amtrak, asks that Plaintiff's Complaint be dismissed with prejudice and in its entirety; that judgment be entered against Plaintiff, and in favor of Defendant, for all costs and attorneys' fees incurred by it in defending this action; and that Defendant be granted such other and further relief as the Court may deem just and proper. Defendant further denies that Plaintiff is entitled to any relief set forth in the above Paragraph of the Complaint.

B. DECLARATORY & EQUITABLE RELIEF

1. An injunction out of this Court prohibiting any further acts of wrongdoing and placing Plaintiff into the position of Passenger Engineer;

2. An award of interest, costs and reasonable attorney fees; and

3. Whatever other equitable relief appears appropriate at the time of final judgment.

**ANSWER**: Defendant, National Railroad Passenger Corporation d/b/a Amtrak, asks that Plaintiff's Complaint be dismissed with prejudice and in its entirety; that judgment be entered against Plaintiff, and in favor of Defendant, for all costs and attorneys' fees incurred by it in defending this action; and that Defendant be granted such other and further relief as the Court may deem just and proper. Defendant further denies that Plaintiff is entitled to any relief set forth in the above Paragraph of the Complaint.

**JURY DEMAND**

Plaintiff Jacqulyn Wood, by her attorneys Deborah Gordon Law, demands a trial by jury of all the issues in this cause.

**ANSWER**: Defendant, National Railroad Passenger Corporation d/b/a Amtrak, by its attorneys, Littler Mendelson, P.C., relies upon Plaintiff's Demand for Trial by Jury only to the extent that it demands a trial by jury of any questions of fact.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Complaint and without admitting or acknowledging that it bears any burden of proof as to any of them, Defendant asserts the following affirmative and/or special defenses to Plaintiff's Complaint. Defendant intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserve the right to amend this Answer to assert all such further defenses.

## FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

## SECOND DEFENSE

Plaintiff's claims for damages are barred to the extent that she has failed to make reasonable efforts to mitigate her damages, if any.

## THIRD DEFENSE

To the extent, if any, that Defendant is found to have violated Title VII, the Elliott-Larsen Civil Rights Act, or the Bullard-Plawecki Right to Know Act with respect to Plaintiff's Complaint (which Defendant denies), said violation was not willful.

## FOURTH DEFENSE

Defendant had a policy against harassment and retaliation at the time of the conduct alleged by Plaintiff and Defendant enforced that policy. Defendant is not liable for any harassment, retaliation, or other wrongful conduct by one employee against another, under a theory of *respondeat superior* or otherwise, where such conduct violated Defendant's policy and Plaintiff did not report the conduct to Defendant so that it could investigate the conduct, enforce the policy, and protect Plaintiff against any future alleged discrimination.

## FIFTH DEFENSE

Plaintiff did not suffer any adverse employment action.

## SIXTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of unclean hands, laches, waiver, and/or estoppel.

## SEVENTH DEFENSE

Defendant relies on all other defenses afforded to them under the statutes identified in Plaintiff's Complaint.

## EIGHTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, to the extent that she failed to comply with jurisdictional, procedural and administrative prerequisites for filing this action, or if her claims otherwise exceed the scope of any charge filed.

## NINTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by state or local statute, regulation, executive order, health order, or epidemic order relating to the COVID-19 pandemic issued by the State of Michigan, Office of the Governor of Michigan, the Michigan Department of Health and Human Services, or Michigan Occupational Safety and Health Administration.

## TENTH DEFENSE

Any claims for emotional distress damages are preempted by the Federal Employer's Liability Act (FELA).

## ELEVENTH DEFENSE

Plaintiff's claims, in whole or in part, are preempted by the Railway Labor Act, 45 U.S.C. §§ *et seq*.

## TWELFTH DEFENSE

Plaintiff's claims are barred because Defendant's challenged action(s) were taken for legitimate, non-discriminatory and non-retaliatory business reasons.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because Defendant took prompt and effective remedial action to address any complaints made by Plaintiff and exercised reasonable care to prevent and correct promptly any alleged discriminatory or retaliatory behavior directed toward Plaintiff.

## FOURTEENTH DEFENSE

Defendant took reasonable steps to comply with anti-discrimination, anti-harassment, and anti-retaliation laws and any acts in violation of the statutes were in contravention of Defendant's good faith efforts to comply.

## FIFTEENTH DEFENSE

Plaintiff is not entitled to punitive damages because neither Defendant, nor any of its respective officers, directors, managers, or agents, committed, authorized, or ratified any act(s) with respect to Plaintiff in bad faith, willfully, or believing that such act(s) violated any federal or state law.

## SIXTEENTH DEFENSE

Plaintiff's claims for punitive damages are barred because an award of punitive damages in this case would be unconstitutional under the United States and/or Michigan Constitutions.

## RESERVATION OF RIGHT

Defendant reserves the right to file, upon completion of its investigation and discovery, such amended answers and affirmative defenses as may be appropriate.

Dated: January 15, 2021

/s/ Jaclyn R. Giffen
Jaclyn R. Giffen (P75316)
LITTLER MENDELSON, P.C.
200 Renaissance Center, Suite 3110
Detroit, Michigan 48243
(313) 202-3261
jgiffen@littler.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on January 15, 2021, via:

| | | | |
|---|---|---|---|
| _____ | U. S. Mail | _____ | Facsimile |
| ___X___ | ECF Filing | _____ | Hand Delivery |
| _____ | E-Mail | _____ | Federal Express |

/s/ Jaclyn R. Giffen
Jaclyn R. Giffen